**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HASSAN FOFANA, | ) | |
| Petitioner, | ) | |
| | ) | Civil No. 26-1247 |
| v. | ) | |
| | ) | |
| LEONARD ODDO, et. al., | ) | |
| Respondents. | ) | |

**OPINION**

Pending before the court is a second habeas petition filed by counsel on behalf of Petitioner Hassan Fofana ("Fofana") on June 29, 2026 (ECF No. 1). Respondents filed a response in opposition to the motion (ECF No. 8) and Fofana filed a reply brief (ECF No. 11). The second habeas petition is ripe for decision.

In response to the first petition, filed at Civil No. 26-1003, the court ordered that Petitioner receive an individualized bond hearing.[1] A bond hearing was held on June 17, 2026. On July 22, 2026, the court entered an opinion and order denying Fofana's motion to enforce, concluding that the bond hearing was fundamentally fair (Civil No. 26-1003, ECF Nos. 16, 17).

In the second habeas petition, Fofana, a citizen of Togo, admits that he received a bond hearing as requested in his first petition. He argues, however, that this petition presents a new claim based upon his continued detention, which is now longer than one year.

Respondents argue the petition should be denied. They contend: (1) it is moot because he already received a bond hearing and this court lacks jurisdiction to overturn the discretionary

[1] The court issued an opinion, order and judgment on June 8, 2026, which granted in part the habeas petition (Civil No. 26-1003, ECF No. 1) and directed a bond hearing to be held within 10 days of its order (Civil No. 26-1003, ECF Nos. 7, 8, 9).

bond decision by the immigration judge; (2) the second petition constitutes "abuse of the writ"; (3) the standards in *Borbot v. Warden Hudson County Corrections Facility*, 906 F.3d 274, 276 (3d Cir. 2018),[2] rather than the "*German Santos* factors" should govern the analysis of whether detention has become unduly prolonged[3]; and (4) even under the *German Santos* analysis, the factors reflect there is no constitutional violation.

The court accepts the representation of Fofana's counsel that the second petition raises "wholly new claims related to his prolonged detention" (ECF No. 1 at 1 n. 1) and is not moot or an abuse of the writ. The court will consider the second petition on its merits. On the merits, Fofana relies on the *German Santos* factors. (ECF No. 11 at 4).

As an initial matter, the court concludes that it need not resolve whether *Borbot* or *German Santos* governs because it will not affect the result in this case. This remains an open

---

[2] This court summarized *Borbot* in *Makeshov v. Oddo*, No. 3:26-CV-00808-JFC, 2026 WL 1579023 (W.D. Pa. June 3, 2026):

> In *Borbot v. Warden Hudson County Corrections Facility*, 906 F.3d 274, 276 (3d Cir. 2018), the court denied a request from a petitioner being held in discretionary detention under § 1226(a). The immigration judge denied Borbot's initial request for bond, finding that he posed a risk of danger based on criminal charges filed in Russia, and denied reconsideration. *Id.* at 276. The court of appeals upheld the district court's denial of Borbot's petition without a hearing and cited 8 U.S.C. § 1226(e), which provides in relevant part: "[t]he Attorney General's discretionary judgment regarding [bond hearings for aliens in removal proceedings] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." *Id.* at 279. The court explained: "Borbot's habeas petition seeks to compel a second bond hearing despite alleging no constitutional defect in the one he received. This comes close to asking this Court to directly review the IJ's bond decision, a task Congress has expressly forbidden us from undertaking." *Id.*

*Id.* at *1.

[3] *See German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020) (identifying factors to consider whether continued detention without a bond hearing is unreasonable: (1) duration of the detention; (2) whether the detention is likely to continue; (3) the reasons for the delay, but not holding an alien's good-faith challenge to his removal against him; and (4) whether the alien's conditions of confinement are meaningfully different from criminal punishment).

issue. *See Fadel v. Warden of Moshannon Valley Ice Processing Ctr.*, No. 3:26-CV-00625, 2026 WL 1649901 (W.D. Pa. June 8, 2026):

> The Third Circuit has not squarely decided when, if ever, due process requires a new bond hearing for a detainee held under 8 U.S.C. § 1226(a) after an initial bond hearing. *Borbot v. Warden Hudson Cnty. Corr. Fac.*, 906 F.3d 274, 280 (3d Cir. 2018) ("We therefore need not decide when, if ever, the Due Process Clause might entitle an alien detained under § 1226(a) to a new bond hearing in order to conclude that [petitioner's] due process rights were not violated."). Put another way, the Third Circuit did not impose an absolute bar to a second bond hearing in every Section 1226(a) case but rather, it left open whether additional process may be required where the facts show that continued detention has become constitutionally unreasonable despite an earlier bond hearing.

*Id.* at *2. In *Fadel*, the court decided to apply the *German Santos* factors. *Id.*

The court will apply the *German Santos* factors in this case. With respect to the first (and most important) factor, the duration of the detention, the parties agree that Fofana has been detained for approximately 14 months, since June 2025. Fofana is subject to a removal order. The government cites numerous decisions for the proposition that detentions of significantly longer duration do not offend the constitution where the removal process is proceeding and the government did not improperly delay it (ECF No. 8 at 6-7). Most persuasively, Fofana received a constitutionally adequate bond hearing in June 2026, at which the immigration judge found that Fofana poses a flight risk. Indeed, this second petition (seeking, in essence, another bond hearing) was filed while his motion to enforce the court's order that he receive the bond hearing requested in his first petition remained pending. The length of his detention since the individualized bond hearing can be measured in weeks. *Compare Fadel*, 2026 WL 1649901 at *4 (petitioner remained detained after bond hearing which occurred 4 months earlier, despite prevailing on application for asylum). The fact that Fofana recently received an individualized bond hearing, although not mooting the second petition, weighs heavily in favor of Respondents.

The second factor, whether the detention is likely to continue, is neutral. Respondents represent that "the removal proceedings are progressing in due course." ECF No. 8 at 7. Fofana points out that he filed an appeal to the Board of Immigration Appeals, which he speculates "will likely take many more months." ECF No. 1 at 12. In accordance with the third factor, any delay resulting from Fofana's good-faith challenge to his removal will not be held against him. Neither party provided any information about the expected length of the appeal process. Fofana did not produce any evidence that Respondents are causing delay.

With respect to the fourth factor, Fofana is being detained at the Moshannon Valley Processing Center ("Moshannon"). There are certainly aspects of the conditions at Moshannon that resemble criminal detention (i.e., he is not free to leave, *see Fadel*), but there are also aspects of Fofana's conditions of confinement that are meaningfully different from criminal punishment. Primarily, unlike the petitioner in *German Santos*, Fofana is not being held in a prison alongside convicted criminals. *See German Santos*, 965 F.3d at 212-13. As in *Fadel*, the parties in this case have not submitted evidence concerning Petitioner's specific conditions of confinement at Moshannon. *Fadel*, 2026 WL 1649901 at *4.

Upon weighing the *German Santos* factors, the court concludes that on this record, Fofana failed to meet his burden[4] to demonstrate that his continued detention rises to a constitutional violation at this time. To repeat, Fofana received an individualized bond hearing just weeks ago. The petition will be denied without prejudice to Fofana's ability to seek relief at

[4] To the extent Fofana is arguing that he has a constitutional right to a bond hearing in which the government bears the burden of proof (*see* ECF No. 11 at 2, 18-24), that argument is foreclosed. *See Modebadze v. Soto*, No. CV 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17, 2026) ("Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring Petitioner to show that he was not a flight risk at his bond hearing.").

a later time and with more robust evidence about the application of the *German Santos* factors to his personal situation.

Conclusion

For the reasons set forth above, the second petition for habeas relief filed by Fofana (ECF No. 1) will be denied.

An appropriate order follows.

Dated: August 19, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge